UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-26-KDB-DCK

| | |
|---|---|
| **PRISCILLA PHILPOT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion for Reconsideration [Doc. 8].

In this matter, Plaintiff is seeking review of a final determination denying a claim for disability insurance benefits under the Social Security Act. See [Doc. 1]. The Plaintiff applied to proceed *in forma pauperis*. [Doc. 2]. The Court denied the Plaintiff's original Application because it was not satisfied that the Plaintiff lacks sufficient funds with which to pay the filing fee, and it granted the Plaintiff the opportunity to amend. [Doc. 3]. The Plaintiff filed an Amended Application that was inconsistent and confusing, and failed to adequately justify her request to proceed *in forma pauperis*. [Doc. 4]. On February 16, 2023, the Court denied the Amended Application and required the Plaintiff to pay the full filing fee in $20 installments. [Doc. 6].

On March 2, 2023, the Plaintiff filed the instant Motion for Reconsideration in which she seeks to "appeal" the Court's February 16 Order. [Doc. 8]. Attached to the Motion is a Second Amended Application to proceed *in forma pauperis*. [Doc. 8-1].

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy

1

Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); Fed. R. Civ. P. 54(b); see McDaniel v. Green Dot Corp., No. 22-1541, 2022 WL 17103701, at *1 (4th Cir. Nov. 22, 2022) ("a motion to proceed in forma pauperis is an appealable [interlocutory] order") (quoting Roberts v. U.S. Dist. Ct., 339 U.S. 844, 845 (1950) (*per curiam*)).  A court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) a clear error causing manifest injustice." U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (quoting Carlson v. Boston Sci. Corp., 856 F.3d 320 (4th Cir. 2017)).  The decision to grant or deny a motion to reconsider is committed to the discretion of the district court. Am. Canoe, 326 F.3d at 515.

In her Motion for Reconsideration, the Plaintiff argues that she does not have a spouse; she is struggling to pay her bills; and the Application form failed to adequately explain how it should be filled out.  [Doc. 8 at 1]. The Motion fails to identify any grounds for reconsidering the Order denying her Amended Application to proceed *in forma pauperis* and the Motion for Reconsideration will be denied.

Moreover, if the Court were to consider the Second Amended Application, it would be denied because the Plaintiff has, yet again, failed to justify her request to proceed *in forma pauperis*.  The Second Amended Application shows average monthly income for the past 12 months of $3,666, consisting of $1,216 in disability benefits, $1,550 in "family's help," and the remainder from "brother's social security."  [Doc. 8-1 at 1-2]. The Plaintiff fails to explain whether she expects the same income next month. [Id.]. As assets, the Plaintiff has $21 in a checking account and a motor vehicle worth $45,000; the section of the form for the amount of cash that the Plaintiff has was left blank.  [Id. at 2-3]. The Plaintiff clams that two minor children, two adult

children, and two adult brothers rely on her for support.[1] [Id. at 3]. The Plaintiff claims a total of $3,628 in monthly expenses, including $1,953 for housing, $150 for utilities, $200 for transportation, $450 for motor vehicle insurance, $750 in motor vehicle installment payments, and $25 in credit card installment payments. [Id. at 4-5]. Plaintiff does not expect any major changes in monthly income, assets, or liabilities during the next 12 months. [Id. at 5]. Plaintiff does not expect to spend any money for expenses or attorney fees in conjunction with this action. [Id.]. To further explain why she cannot pay the costs of these proceedings, the Plaintiff states:

> Once I finish paying for my monthly expenses I do not have any extra money to pay for anything else I'm unemployed and attending school right now, and due to my injuries my prosthetic leg I can't find a job in my career field and I can't work for any companies I've used to work for I was severely injured and unable to perform any work duties that requires standing, lifting, or moving around.
>
> I receive help from some of my family members to cover my monthly expenses since my dad passed on 05-03-2021 which was my support system and they don't want to see me end up homeless they are currently helping me until I can receive back from social security of what was taken from me due to an error in their records or I find other resources social security caused overpayment in their system due to their error on my social security record by not adding the sufficient income amount & they stopped my payments on or about July 2021 where I received no benefits or payments social security owes me 15,808. I was not working at the time they stated and currently are not working as of date I have submitted an appeal process and this court proceeding why I'm asking to be granted back relief of what is due back to me.

[Id.] (errors uncorrected).

The Second Amended Application is again inconsistent, incomplete, and confusing, contains excessive expenditures for the Plaintiff's motor vehicle, fails to explain why the Plaintiff is supporting four adults, and fails to adequately justify her need to proceed *in forma pauperis*. Therefore, even if the Court were to consider the Second Amended Application, it would be denied.

---

[1] The Plaintiff does not explain why these four adults rely on her for support.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 8] is **DENIED**.

Signed: April 18, 2023

Kenneth D. Bell
United States District Judge